THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALEXANDER GEIGER, PLAINTIFF IN ERROR.

Submitted October 30, 1942—Decided February 8, 1943.

For the defendant in error, *Abe J. David.*

For the plaintiff in error, *John F. Ryan.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Porter in the Supreme Court.

COLIE, J. (Dissenting.) In his opening statement to the jury, the assistant prosecutor went beyond the indictment;

in the course of the trial he questioned plaintiff in error as to the use of an alias, knowing full well that the state had no proof to the contrary, should it be denied, as it was; he questioned plaintiff in error as to his conviction of violations of certain departmental regulations some years prior in time to the commission of the crime of which the jury found him guilty; he used inflammatory and intemperate language and repeatedly injected his personal opinions into his summation. The cumulative effect of these incidents was harmful and manifest error, clearly constituting reversible error. As was well said in *Berger* v. *United States,* 295 *U. S.* 78; 79 *L. Ed.* 1314: "While he [the prosecuting attorney] may strike hard blows, he is not at liberty to strike foul ones."

Regardless of the tactics pursued in the trial, I believe there is a further ground requiring reversal. In charging the jury the trial court said: "This case took, as I say, seven or eight days, and in that time maybe it is possible that you jurors have read the newspaper accounts of the trial. I want to instruct you now that, just as the court may be in error and statements of counsel may be in error, statements and reports of newspapers may also be in error, and *I want you to disregard any newspaper article or statement in the newspaper which does not coincide with the evidence as you recollect it to be yourselves.*" (Italics mine.) This is a clear example of a negative pregnant, *i. e.,* a form of negative expression which implies, or carries within it, an affirmative. The affirmative is obvious, namely, that if the newspaper article coincides with the evidence as the jury recollects it, then such newspaper article may be considered by the jury. Since when is a jury permitted to compare a newspaper version of the facts with the jurors' own recollection of the facts? I had always believed it a fundamental rule that jurors were to render their verdicts upon the evidence adduced at the trial and not upon any other basis. In dealing with this portion of the charge, the Supreme Court said: "It is argued that in effect the court conveyed to the jury by this instruction the thought that they were to disregard any newspaper article which did not coincide with their recollection of the evidence. We do not think that the comment concerning

newspaper articles is susceptible of any such construction nor do we think the court gave undue prominence to his own view, as it is argued, especially when consideration is given to all that the court said as a preface to that comment." Reverting to the court's charge, we find that immediately prior to the quoted comment the court said: "All extraneous matters, statements, suggestions, should be carefully discarded by you, and you should base your verdict solely on the evidence and be guided by these instructions alone." This is a correct statement but in the next paragraph it was nullified. It is a fundamental rule that where the court charges a correct rule and an incorrect rule on the same subject-matter, the jury is not permitted to guess which is correct. That contradictory statements in a charge to a jury constitute error requiring a reversal is so fundamental as not to need the citation of authority. It seems to me that the adoption of the Supreme Court's holding in this respect destroys root and branch the settled rules in this state with relation to what is and what is not proper for a jury to consider.

The Chancellor, Mr. Justice Perskie, Judge Wells and Judge Hague authorize me to express their concurrence herein.

*For affirmance*—CASE, BODINE, DONGES, HEHER, DEAR, RAFFERTY, THOMPSON, JJ. 7.

*For reversal*—THE CHANCELLOR, PERSKIE, COLIE, WELLS, HAGUE, JJ. 5.